# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ALLEY CAT ALLIES INC, et al.,<br>        Plaintiff, | CASE NUMBER: 5:25-cv-00520-SL |
| -vs- | JUDGE: SARAH LIOI |
| SUMMIT COUNTY ANIMAL CONTROL DEPT., et al.,<br>        Defendant(s) | **DEFENDANT'S MOTION TO DISMISS**<br>**Fed. R. Civ. P. 12(B)(1) and 12(B)(6)** |

Now comes Defendants Christine Fatheree, Kristina Petroski, Summit County Animal Control Department, and Summit County, Ohio (collectively the "County") by and through undersigned counsel, and provides this supplemental motion to dismiss pursuant to this Court's order issued April 17, 2025. The County respectfully requests this Court to dismiss this case pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6). This Court lacks subject matter jurisdiction because Plaintiff lacks standing and has failed to state a claim upon which relief may be granted. The County incorporates the following memorandum in support of this motion.

Respectfully submitted,
**ELLIOT KOLKOVICH**
Summit County Prosecuting Attorney

/s/ *Aaron B. Campbell*
AARON B. CAMPBELL #0100340
Assistant Prosecuting Attorney
53 University Avenue, 7th Floor
Akron, Ohio 44308
(330) 643-2689; (330)
(330) 643-8540 - FAX
*acampbell@prosecutor.summitoh.net*
*Attorney for County Defendants*

**MEMORANDUM IN SUPPORT**

## I.  STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff originally filed its Complaint in the Summit County Court of Common Pleas on December 11, 2024, alleging seven state law claims. Plaintiff amended its complaint on March 3, 2025, to allege three additional federal claims under 42 U.S.C. § 1983. Doc. No. 1-1, at ¶¶144–172. The Amended Complaint restates the original state law allegations in Counts 1–5 and 9–10. Am. Compl, ¶¶107–143, 173–186.

Plaintiff is an organization based in Maryland and registered as a foreign entity in Ohio. Doc. No. 1-1, at ¶ 1. Plaintiff has spent money in Summit County, has been with local advocates and advocates for the improvement of the lives of cats within Summit County. Doc. No. 1-1, at ¶ 7. Defendant Summit County operates the Summit County Animal Control Department pursuant to Ohio Rev. Code § 955.15 and the county's Codified Ordinances. Doc. No. 1-1, at ¶ 11. Two county employees are named only in their official capacity. Doc. No. 1-1, at ¶ 12–13. The Complaint seeks a request for injunctive, declaratory, and mandamus relief, and a request for damages. Doc. No. 1-1, at p. 27.

The Amended Complaint alleges that the County improperly euthanized three surrendered cats, A020328, A02039 and A020419, in August of 2024. Doc. No. 1-1, at ¶¶ 56, 61, 64, 67, 72, 74. Two of the cats were allegedly noted to be "feral." Doc. No. 1-1, at ¶ 59, 65.

The Amended Complaint alleges three surrendered dogs were also improperly euthanized in March and April of 2024. Doc. No. 1-1, at ¶¶ 81–99. Two of the dogs were surrendered by their owners for requested euthanasia. Doc. No. 1-1, at ¶ 82, 95. The other dog was listed as a stray, and it was noted the dog could not be safely handled by staff. Compl. ¶¶ 88, 92. Plaintiff further alleged

that the County did not properly keep records according to Ohio Admin. Code 4729:5-15-03. Doc. No. 1-1, at ¶¶ 136–143.

Plaintiff's Amended Complaint asserts 10 claims for relief. Plaintiff first claims to have suffered damages by Defendants needlessly killing or committing an act of cruelty against one or more of the three cats and the three dogs referenced above, in violation of Ohio Rev. Code § 959.131(B). Doc. No. 1-1, at ¶¶ 108, 109, 114. The second claim alleges Defendants' actions constituted torture, torment or an act of cruelty as to the six animals referenced above in violation of Ohio Rev. Code § 959.131(D)(1). Doc. No. 1-1, at ¶¶ 116, 117. The third claim asserts Defendant euthanized the above-referenced animals in a manner that did not immediately and painlessly render the animals initially unconscious in violation of Ohio Rev. Code § 959.06(B)(2).

The fourth claim references Ohio Rev. Code § 4729.532(D)(2) which states that an employee of a county dog warden performing euthanasia shall comply with divisions (A) and (B) which discuss a substance approved by the state veterinary medical licensing board and method of injection. The fifth claim alleges that Summit County Animal Control did not comply with the record-keeping requirements as stated in Ohio Admin. Code 4729:5-15-03.

The sixth and seventh claims in the Amended Complaint alleged that the County violated the Plaintiff's rights under 42 U.S.C. § 1983. The sixth claim alleges a violation of due process in unlawful taking the unowned animals referenced in the complaint. Doc. No. 1-1, at ¶¶ 147, 148. The seventh claim alleges the County violated the Plaintiff's freedom of speech. Doc. No. 1-1, at ¶ 155. The eight claim alleges a *Monell* claim that the County maintains a policy that violates Plaintiff's rights. Doc. No. 1-1, at ¶ 161.

The nineth claim is a mandamus action requesting this Court order Defendants to comply with

Ohio Rev. Code Chapter 959 and Ohio Admin. Code 4729:5-15-03. Doc. No. 1-1, at ¶¶ 173–179.

The 10th and final claim asks for declaratory and injunctive relief. Doc. No. 1-1, at ¶¶ 180–186.

## II.    LAW AND ARGUMENT

### A.    STANDARD UNDER FED. R. CIV. P. 12(B)(1)

Before a court can address the merits of a case, the court must consider whether it has

subject-matter jurisdiction under Article III of the Constitution. *DaimlerChrysler Corp. v. Cuno*,

547 U.S. 332, 332, 126 S. Ct. 1854, 1856, 164 L. Ed. 2d 589 (2006). Article III of the Constitution

limits federal jurisdiction to actual cases and controversies. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th

Cir. 2017). Whether a party has standing goes to the court's subject matter jurisdiction. *Id.* The

burden to establish standing under Article III is on the plaintiff. *Id.* To form an actual case and

controversy, the plaintiff must prove that:

> "(1) [the plaintiff] has suffered an injury in fact that is (a) concrete and
> particularized and (b) actual or imminent rather than conjectural or hypothetical;
> (2) that there is a causal connection between the injury and the defendant's alleged
> wrongdoing; and (3) that the injury can likely be redressed."
>
> *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119
> L.Ed.2d 351 (1992)).

It is not enough that a party has a keen interest in the issue or that it has a dispute; rather,

the party must have suffered a concrete and particularized injury. *Hollingsworth v Perry*, 570 U.S.

693, 700, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013). "The presence of a disagreement, however

sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements." *Id.* 704,

133 S. Ct. 2652 (quoting *Diamond v. Charles*, 476 U.S. 54, 62, 106 S.Ct. 1697, 90 L.Ed.2d 48

(1986)). Even if the plaintiff can establish an injury, the plaintiff must also prove a causal

connection between the alleged injury and the alleged wrongful conduct. *Lujan*, 560, 112 S. Ct.,

at 2136. The causal connection must be fairly traceable to the alleged wrongful action. *Id.* Lastly, the plaintiff must also prove that it is likely that the alleged injury will be redressed by a favorable decision. *Id*, 561, 112 S. Ct., at 2136.

### B.  STANDARD UNDER FED. R. CIV. P. 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(B)(6) should be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir.2004). When reviewing a motion to dismiss, the Court reviews the complaint in the light most favorable to the plaintiff, accepting its allegations as true, and drawing all reasonable inferences in favor of the plaintiff. *Evans–Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir.2005). The defendant is burdened with showing that the plaintiff has failed to state a claim. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991). However, the Court does not accept as true any legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir.2000). "[A] plaintiff's obligation to provide "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do." (Bracketed text sic.) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## III.  THE PLAINTIFF HAS SUFFERED NO INJURY

### A.  Plaintiff is barred from asserting a Takings claim for property it does not own

Plaintiff's Amended Complaint fails to offer any injury to form the basis of its two claims under 42 U.S.C. § 1832 or it's *Monell* claim. Plaintiff's Count 6 alleges unlawful taking, deprivation of property, and due process violations. Doc. No. 1-1, at 20–21. To prove a Takings Clause claim, the Plaintiff must show that the County (1) took its property and (2) failed to justly compensate it or put the property to public use. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 425 (6th Cir. 2002) (quoting *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir.1987)). The Plaintiff cannot recover under the Takings Clause if it cannot first prove that the County took property that belonged to it. *Id.* The Constitution does not create a property interest, so whether a property interest exists is determined by independent sources, such as state law. *Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 682 (6th Cir. 2004) (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164, 118 S.Ct. 1925, 141 L.Ed.2d 174 (1998)) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

To have a property interest protected by the Fifth Amendment, the person must have "more than an abstract need or desire for it." *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972). It must also be "more than a unilateral expectation of it." *Id.* Instead, the party must "have a legitimate claim of entitlement to [the property]." *Id.* While Roth decided an issue about welfare benefits, the Roth approach has been applied to identifying and defining property rights in all Taking Clause cases. *Calvert Invs., Inc. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 847 F.2d 304, 307 (6th Cir. 1988).

A plaintiff is barred as a matter of law from asserting a takings claim for property it does not own. *USA Parking Sys., LLC v. E. Gateway Cmty. Coll.*, No. 4:20CV1967, 2022 WL 312230, at *6 (N.D. Ohio Feb. 1, 2022), aff'd, No. 22-3523, 2023 WL 8811690 (6th Cir. Dec. 20, 2023), (citing *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 187–204, 139 S. Ct. 2162, 2168–79,

204 L. Ed. 2d 558 (2019)). Plaintiff admits through its Complaint that it does not own any of the animals subject to its Complaint. *See, e.g.*, Doc. No. 1-1, at ¶¶ 33, 58, 67, 70, 82, 88, 95. Instead, Plaintiff advances this claim under the theory that it is the *beneficiary* of a public trust for unowned animals. Doc. No. 1-1, at ¶¶ 147, 151. However, "[t]he 'public trust doctrine' is a matter of state law and does not provide any support for standing under Article III. *Nguyen ex rel. United States v. City of Cleveland, Ohio*, No. 1:09 CV 452, 2016 WL 1031096, at *8 (N.D. Ohio Mar. 15, 2016), aff'd sub nom. *United States ex. rel Nguyen v. City of Cleveland,* No. 16-3379, 2017 WL 4677202 (6th Cir. Mar. 3, 2017) (citing *PPL Montana, LLC v. Montana*, 132 S. Ct. 1215, 1235 (2012)).

Even if these animals fell within Ohio's public trust doctrine, which the County disputes, Ohio law expressly gives the Ohio Department of Natural Resources the power to administer the public trust. *See, e.g.*, *In re Application of Icebreaker Windpower, Inc.*, 2022-Ohio-2742, 169 Ohio St. 3d 617, 631, 207 N.E.3d 651, 665 (denying residents' claims that Ohio Power Siting Board's decision to issue certificates for wind turbines in Lake Erie violated the public-trust doctrine); Ohio Rev. Code § 1531.01; *see also*, Ohio Rev. Code 123.03. Nothing within Ohio law gives members of the public, as beneficiaries, the right to enforce the public trust. Therefore, Plaintiff cannot demonstrate that it has an ownership interest in the animals referenced in the Amended Complaint that are subject to the Takings Clause.

**B. Plaintiff does not allege facts that establish a violation of freedom of speech**

In Count 7 of Plaintiff's Amended Complaint, it alleges that it its "nonprofit activities" are "protected expression and actions." and that the County violated its right to free speech. Doc. No. 1-1, at ¶ 154–155. As a threshold matter, the First Amendment of the U.S. Constitution states that "Congress shall make **no law**… abridging the freedom of speech…." (Emphasis added.) Similarly, Article I, Section 11 of the Ohio Constitution states that "…**no law** shall be passed to restrain or

abridge the liberty of speech...." (Emphasis added.) Plaintiff's Amended Complaint cites no law, ordinance, resolution, or any other act by the County that has abridged Plaintiff's freedom of speech.

Even if Plaintiff could identify any County law that allegedly abridged its freedom of speech, the Court then applies a three-step inquiry: (1) determine whether the speech at issue is protected by the constitution; (2) examine the nature of the forum where the speech was made; and (3) assess whether the government's action in shutting off speech was legitimate, in light of the applicable standard of review. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985), *accord Bible Believers v. Wayne Cnty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015).

The extent of Plaintiff's "nonprofit activities" is that it alleges a number of its supporters "expended money, time, and resources to promote the well-being of cats within and surrounding Summit County, Ohio since at least 2002." Doc. No. 1-1, at ¶ 6. Additionally, Plaintiff alleges that it has and plans to continue to expand its efforts in education and advocacy to "defend and improve the lives of cats in Summit County, Ohio." *Id.*, at ¶ 7. Plaintiff baselessly alleges that the County has and will continue to injure and impede its ability to carry out these activities because the County has "forced" it to divert resources Summit County cats. *Id.*, at ¶ 8. However, Plaintiff's Complaint does not offer any facts to support the allegation that the County has "forced" it to divert any resources. Plaintiff has not been compelled to support any government speech. *See, e.g.*, *Wooley v. Maynard*, 430 U.S. 705, 715, 97 S. Ct. 1428, 1435, 51 L. Ed. 2d 752 (1977). Nor does Plaintiff allege any regulation that has prohibited it from engaging in any free speech activity. *See*, *e.g.*, *Planet Aid v. City of St. Johns, MI*, 782 F.3d 318, 327 (6th Cir. 2015). Plaintiff's diversion of its resources is abstract at best. Plaintiff has simply not had any free speech injury.

**C. Plaintiff has no damages caused by any of the County's alleged conduct**

Plaintiff's seven state law claims center from allegations of improper euthanasia of stray or surrendered animals under Ohio Rev. Code § 959.131, § 959.06 and § 4729.532, and allegations of improper record keeping of these animals under Ohio Admin. Code § 4729:5-15-03. *See* Doc. No. 1-1, at 14–19, 25–26. As discussed above, Plaintiff does not claim to own any of these animals, and its theory under the public trust does not support standing for these causes of action. Plaintiff's lack of interest in these animals is demonstrated by its inability to seek damages in this case.

The Plaintiff, as a third-party corporation, is not entitled to any damages for any of the animals alleged in the complaint. While pet owners often hold significant sentimental value in their family pets, the Plaintiff was a stranger to these animals. Ohio law has established that pets are personal property with a fair market value. *See State v. Beck,* 2015-Ohio-1069, ¶ 36, 2015 WL 1289392, (Ohio Ct. App. Mar. 23, 2015); *Sokolovic v. Hamilton*, 2011-Ohio-4638, ¶ 14, 195 Ohio App. 3d 406, 409, 960 N.E.2d 510, 513; *Ramey v. Collins*, No. 99CA2665, 2000 WL 776932, at *3 (Ohio Ct. App. June 5, 2000). Because the Plaintiff has no personal connection or ownership to these animals, the Plaintiff is not entitled to any compensatory damages. The Plaintiff can only demonstrate standing if "application of the regulations by the Government will affect *them*…" (Emphasis sic.) *Summers v. Earth Island Inst.*, 555 U.S. 488, 494, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). Since the Plaintiff cannot demonstrate it has been affected by any of the County's alleged conduct, it cannot demonstrate any injury.

**D. Plaintiff has not alleged an injury subject to a *Monell* claim**

In Count 8 of Plaintiff's Amended Complaint, it asserts a Monell claim for allegedly violating it constitutional rights by allegedly "maintain[ing] a policy and/or custom of deliberate indifference to the rights of the citizens of Ohio, and such policy and/or custom is part of a pattern

of unconstitutional violations by Defendants." Doc. No. 1-1, at ¶ 161. This claim is based on the holding in *Monell*, which stated that a government may be held liable under § 1983 when said policy inflicts a constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2038, 56 L. Ed. 2d 611 (1978). Plaintiff's Monell claim does not assert any new constitutional injury but rather relies on facts it has already pleaded as the basis for the underlying injury. Doc. No. 1-1, at ¶¶ 158–172. As discussed above, Plaintiff is without standing for the claims it has asserted in its Amended Complaint, or the claims are otherwise without merit. Therefore, Plaintiff cannot establish a *Monell* claim when it cannot prove it has suffered an underlying injury.

The "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981) (quoting *Monell* at, 694, 98 S.Ct., at 2037). There must be a "direct causal link between the municipal policy or custom and the alleged constitutional deprivation." *Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001). "The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy." *Id.* Conclusory allegations are insufficient to state a *Monell* claim. *Id.*

Plaintiff's Amended Complaint identifies policies held by the County's Animal Control Department but fails to show any particular constitutional violation. Doc. No. 1-1, at ¶ 34, 50–56, 85, 91, 98. Mere typographical errors, such as Plaintiff alleges in ¶¶ 34-35, are not constitutional violations. Moreover, Plaintiff alleges injuries resulting from failure to comply with the department's policy, rather than an injury from the policy itself. *See, e.g.*, Doc. No. 1-1, at ¶ 85, 91, 98.

Plaintiff offers no causal connection to any constitutional deprivation it could have sustained. It offers nothing more than bare conclusory allegations. Without any specific injury directly caused by the alleged policy, Plaintiff lacks standing for this claim.

## IV. THE COUNTY IS NOT THE PROXIMATE CAUSE OF ANY OF PLAINTIFF'S ALLEGED INJURIES

In addition to lack of any injury, Plaintiff's Amended Complaint fails to establish causation to any of the County's alleged wrongdoings. The Plaintiff must prove that the County was not only the "but for" cause, but the proximate cause as well. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). "Proximate cause" is the "direct relation between the injury asserted and the injurious conduct alleged." *Id*. This requirement applies even if the defendant intentionally caused the alleged course of events. *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010). The Ohio Supreme Court summarized the three reasons given in *Holmes* for the directness requirement:

> (1) indirectness adds to the difficulty in determining which of the plaintiff's damages can be attributed to the defendant's misconduct, (2) recognizing the claims of the indirectly injured would complicate the apportionment of damages among plaintiffs to avoid multiple recoveries, and (3) these complications are unwarranted given the availability of other parties who are directly injured and who can remedy the harm without these associated problems.

*Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 768 N.E.2d 1136, 1148 (2002). Lack of a proximate cause prevents liability where there is not a sufficient link between the defendant's conduct and the plaintiff's injuries. *Crosby v. Twitter, Inc.*, 921 F.3d 617, 623 (6th Cir. 2019). In determining proximate cause, foreseeability, directness, and the substantiality of the defendant's conduct are relevant. *Id.* (quoting *Kemper v. Deutsche Bank AG*, 911 F.3d 383, 392 (7th Cir. 2018)).

The alleged wrongdoing of the County in the Amended Complaint is the improper euthanasia of stray or surrendered animals and improper record keeping. At most, Plaintiff alleges that it has a beneficial interest in the animals through a public trust. But as explained above, the public trust doctrine does not apply under Article III. However, Plaintiff also alleges that the County violated its First Amendment protections in its nonprofit activities in Summit County. Doc. No. 1-1, at ¶¶ 153–157. The only "activities" that the Plaintiff alleges in the Amended Complaint are the funds and animal advocacy efforts it spends in Summit County. Doc. No. 1-1, at ¶¶ 6–8. Plaintiff alleges that the County's euthanasia practices of stray and surrendered animals "force" it to "divert resources." *Id.* The Amended Complaint does not explain how the County has forced it to divert resources or what resources were diverted.

The County cannot be the foreseeable and direct cause of Plaintiff's "diversion" of its resources. The Amended Complaint alleges no "meaningful connection" between the County's euthanasia practices and Plaintiff's nonprofit activities. Plaintiff's diversion of its resources could have occurred for any number of other reasons unconnected to the County's alleged actions. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458, 126 S. Ct. 1991, 1997, 164 L. Ed. 2d 720 (2006). The Amended Complaint does not allege any direct involvement between Plaintiff and the County. Rather, Plaintiff has established nothing more than it has voluntarily spent more resources in Summit County for animal advocacy. The substantial distinction between the alleged conduct (improper euthanasia dosing and record keeping) and the alleged injury (diversion of resources to promote animal welfare) demonstrates the lack of directness required for causation. *See Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 11, 130 S. Ct. 983, 990, 175 L. Ed. 2d 943 (2010). Because Plaintiff cannot demonstrate causation, it lacks standing under Article III.

## V.    PLAINTIFF'S CLAIMS ARE NOT REDRESSIBLE

### A.  Plaintiff may not enforce its state law claims

It is well settled that a private citizen lacks standing to assert violations of criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004); *Gratton v. Cochran*, No. 19-5176, 2020 WL 2765775, at *2 (6th Cir. Jan. 2, 2020). Even if Plaintiff had an ownership interest, the penalties under Ohio Rev. Code Chapter 959 and 4729 are entirely criminal in nature. *See* Ohio Rev. Code §§ 959.99, 4729.99. Additionally, statute authorizes only the state board of pharmacy to enforce Chapter 4729. Ohio Rev. Code § 4729.25.

Just as with the criminal statutes, Plaintiff's claims under the Ohio Administrative Code are not redressable by the Plaintiff. While Ohio Admin. Code 4729:5-15-03 directs animals shelters to perform specific record keeping duties, nothing in this Chapter in the Administrative Code authorizes any civil remedies.

### B.  Plaintiff is not entitled to equitable relief

In addition to other relief, Plaintiff requests a declaratory judgment and an injunction. Doc. No., at ¶ 180–186. The Amended Complaint does not specify what Plaintiff seeks in a declaratory judgment. However, the Amended Complaint requests an order directing the County "to keep lawful euthanasia records and immediately cease its inhumane killing of cats and dogs in contravention of law." *Id.*, at ¶ 186. The County asserts that it is lawfully keeping euthanasia records and lawfully conducting euthanasia of its animals. However, for the purposes of this motion, Plaintiff has not demonstrated that it is entitled to the equitable relief it has requested.

For declaratory judgments, this Court applies a five factor test:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir.2000)). Additionally, where the issuance of a declaratory judgment rests on undetermined questions of state law, this weights against exercising jurisdiction. *Id.*, at 815–816. Where the question is one of state law and the state court is in a better position to define its own law, this Court should decline to exercise jurisdiction of the request for declaratory judgment. *Id.*, at 816–817.

Where Plaintiff has not specified what declaratory judgment it seeks, it cannot be said that such a judgment would settle this controversy. By Plaintiff's own admissions, this action rests on a determination of state law. Therefore, Plaintiff's request for a declaratory judgment should be dismissed.

For an injunction, the plaintiff must satisfy a four-factor test: "1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

As discussed above, Plaintiff has not demonstrated that it has suffered any injury under Ohio Rev. Code Chapter 959 or Ohio Admin. Code § 4729:5-15-03. Even if Plaintiff could

demonstrate injury, such injuries would be redressed by adequate monetary damages. In Ohio, dogs, cats, and other common pets are treated as personal property. *See, e.g., Akron ex rel. Christman-Resch v. Akron*, 2005-Ohio-715, ¶ 34, 159 Ohio App. 3d 673, 686, 825 N.E.2d 189, 199 *Sokolovic v. Hamilton*, 2011-Ohio-4638, ¶ 14, 195 Ohio App. 3d 406, 409, 960 N.E.2d 510, 513; *Oberschlake v. Veterinary Assoc. Animal Hosp.*, 2003-Ohio-917, ¶ 7, 151 Ohio App. 3d 741, 743, 785 N.E.2d 811, 812. Injury to personal property may be adequately compensated by its fair market value. *See, e.g., Igo v. Coachmen Indus. (Sportscoach Corp. of Am. Div.)*, 938 F.2d 650, 657 (6th Cir. 1991). Therefore, even if Plaintiff could establish sufficient injury, it's request for an injunction must be dismissed because monetary damages would be available for such an injury.

## C. Plaintiff does not have a right to mandamus

Plaintiff's ninth claim seeks a mandamus to enforce provisions of Ohio Rev. Code Chapter 959 and Ohio Admin. Code § 4729:5-15-03. Doc. No. 1-1, at ¶¶ 173–179. However, Plaintiff's lack of standing defeats its request for mandamus. "Without question, mandamus is an extraordinary remedy". *In re Univ. of Michigan*, 936 F.3d 460, 466 (6th Cir. 2019). To prevail on its request for a writ, the Plaintiff must demonstrate that it must: "(1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances." *Id. See also*, 28 U.S.C. § 1361 (authorizing a district court to issue a writ of mandamus only where a duty is owed to the plaintiff). A duty is not owed to the plaintiff unless there is an obligation that is "plainly defined and peremptory." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) (quoting *United States v. Battisti*, 486 F.2d 961, 964 (6th Cir.1973)).

As discussed above, Plaintiff lacks standing to enforce its claims under Ohio Rev. Code Chapter 959 and Ohio Admin. Code § 4729:5-15-03. Ohio Rev. Code Chapter 959 is criminal in

nature and does not convey a right to members of the public to seek civil relief. Additionally, nothing in Ohio Admin. Code § 4729:5 authorizes members of the public any civil relief. Without standing or any right to seek mandamus, Plaintiff's request for mandamus must be denied.

## VI.    CONCLUSION

This Court lacks subject-matter jurisdiction because Plaintiff lacks standing under Article III of the Constitution. The Complaint fails to state a claim upon which relief can be granted. The Plaintiff has not suffered personal injury and cannot act for the "public trust" of animals it does not own. Therefore, the Complaint must be dismissed.

Respectfully submitted,
**ELLIOT KOLKOVICH**
Summit County Prosecuting Attorney

/s/ *Aaron B. Campbell*
AARON B. CAMPBELL #0100340
Assistant Prosecuting Attorney
53 University Avenue, 7th Floor
Akron, Ohio 44308
(330) 643-2689; (330) 643-2792
(330) 643-8540 - FAX
*acampbell@prosecutor.summitoh.net*
*Counsel for County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, a copy of the foregoing was eFiled and served via the Court's electronic filing system and/or electronic mail to:

DanaMarie K. Pannella, Esq.
Holland & Muirden
1343 Sharon Copley Rd.
P.O. Box 345
Sharon Center, OH 44274
dpannella@hmlawohio.com
*Attorney for Plaintiff*

/s/ *Aaron B. Campbell*
AARON B. CAMPBELL #0100340
Assistant Prosecuting Attorney